Hon. Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ERIC MICHAEL JAVIER,<br>Defendant. | NO. 2:26-cr-00132-RAJ<br>**ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for Order of Forfeiture (the "Motion") seeking to forfeit, to the United States, Defendant Eric Michael Javier's interest in a sum of money (also known as a forfeiture money judgment) in the amount of $134,670, reflecting the proceeds that Defendant Javier admits he personally obtained from *Conspiracy to Distribute Controlled Substances,* in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

The Court, having reviewed the United States' Motion, as well as the other papers and pleadings filed in this matter, hereby FINDS entry of an Order of Forfeiture is appropriate because:

///

///



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- The proceeds of *Conspiracy to Distribute Controlled Substances,* in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846, and *Possession of Controlled Substances with Intent to Distribute*, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), are forfeitable pursuant to 21 U.S.C. § 853(a);
- In his Plea Agreement, Defendant Javier admitted that he personally obtained cryptocurrency of at least $134,670 as proceeds from the *Conspiracy to Distribute Controlled Substances* to which he pleaded guilty (Dkt. No. 8 ¶¶ 9, 13);
- In his Plea Agreement, Defendant Javier agreed to forfeit, pursuant to 21 U.S.C. § 853(a), his interest in a sum of money in the amount of $134,670, reflecting the proceeds he personally obtained from the *Conspiracy to Distribute Controlled Substances* to which he pleaded guilty (Dkt. No. 8 ¶ 13);
- The forfeiture of this $134,670 sum of money is personal to Defendant Javier, and, pursuant to Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(c)(1), no third-party ancillary process is required before forfeiting it.

NOW, THEREFORE, THE COURT ORDERS:

1) Pursuant to 21 U.S.C. § 853(a) and his Plea Agreement, Defendant Javier's interest in the above-identified $134,670 sum of money is fully and finally forfeited, in its entirety, to the United States;

2) Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) – (B), this Order will become final at the time Defendant Javier is sentenced; it will be made part of the sentence; and, it will be included in the judgment;



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

3) No right, title, or interest in the identified sum of money exists in any party other than the United States;

4) Pursuant to Fed. R. Crim. P. 32.2(e), in order to satisfy this Order forfeiting the sum of money, in whole or in part, the United States may move to amend this Order, at any time, to include substitute property having a value not to exceed $134,670; and

5) The Court will retain jurisdiction in this case for the purpose of enforcing this Order, as necessary.

DATED this 7th day of October, 2026.

The Honorable Richard A. Jones
United States District Judge



UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970